IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.C. HERAEUS GMBH & Co. KG (a German corporation), and HERAEUS INCORPORATED (a Delaware corporation), )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARJORIE JOY LYNN as Personal Representative )<br>for the ESTATE OF DAVID MARK LYNN and as )<br>Trustee of the MARK AND MARJORIE LYNN )<br>REVOCABLE TRUST, LYNN PLASMA, INC. )<br>(an Idaho corporation), and NXEDGE, INC. )<br>(a Delaware corporation), )<br>)<br>Defendants. ) | C.A. No. 04-904 (KAJ) |

## SCHEDULING ORDER

This ___ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on March 1, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  The parties have agreed that they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before <u>March 7, 2005</u>.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Hot Topics, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>June 1, 2005</u>.

3. <u>Discovery</u>.

a. <u>Limitations on Discovery</u>. Each side is limited to a total of <u>120</u> hours of taking testimony by deposition upon oral examination. In this regard, the parties agree that the total number of depositions per side may exceed the ten deposition limit set forth in Federal Rules of Civil Procedure 30(a)(2)(A).

Furthermore, each party shall be limited to serving a total number of <u>75</u> interrogatories upon any other party, including all discrete subparts.

b. <u>Location of Depositions</u>. Defendants Marjorie Joy Lynn, Lynn Plasma, Inc., and NxEdge, Inc., and their representatives, are generally located in the Boise, Idaho and Seattle, Washington vicinities. Plaintiffs W.C. Heraeus GmbH & Co. KG and Heraeus, Inc., and their representatives, are generally located in Germany and in the Chandler, Arizona vicinity. Accordingly, the parties agree, and this Court orders, that any party or representative (officer, director, or managing agent) of a party to this action will, upon request, submit to a deposition at the place of business of the party witness in either Seattle, Washington, Boise, Idaho, or Chandler, Arizona, unless otherwise agreed to by the parties. Notwithstanding the foregoing, any party, or representative (officer, director, or managing agent) of a party, who works or resides outside of the United States will, upon request, submit to a deposition in either Irvine, California, Chandler, Arizona, or Wilmington, Delaware at Plaintiff's option, unless otherwise agreed to by the parties. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before <u>November 15, 2005</u>. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. <u>Expert Disclosures</u>.

(i) <u>Disclosure of Expert Identities</u>.

The parties agree that, on or before the due date of <u>July 15, 2005</u>, each party may, at the party's option, provide to all other parties the identity of that party's expert(s) who will be providing expert testimony pursuant to Federal Rule of Civil Procedure 26(a)(2), along with a curriculum vitae for each identified expert setting forth the expert's qualifications, a list of any publications by the expert in the last ten years, and a list of the cases in which the expert provided expert testimony during the last four years.

For each expert timely identified by a party on or before the aforementioned due date, any other party may object to the use of the timely-identified expert for reasons of conflict or bias within fourteen days of the date that a party discloses the identity of its expert(s), and any party that fails to object to such timely-identified expert within the aforementioned fourteen-day period is thereafter estopped from later objecting to the timely-identified expert for reasons of conflict or bias. For each expert identified by a party after the aforementioned due date, any other party may object to the use of the identified expert for reasons of conflict or bias at any time during the pendency of this litigation.

The foregoing provision relates only to an objection of a party to the use of another party's identified expert, and does not waive a party's right to raise the issue of bias or prejudice of an opposing party's expert during testimony of that expert, or during trial.

3

    (ii) <u>Disclosure of Expert Testimony</u>.

The parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before <u>September 1, 2005</u>, and shall file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before <u>October 1, 2005</u>.

In addition, the parties shall have the opportunity to amend the aforementioned disclosures of expert testimony on or before <u>thirty (30) days</u> after the date that the Court issues an order of claim construction, as contemplated below in paragraphs 11 to 13.

To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    e. <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4

4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.  <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7.  <u>Interim Status Report</u>. On <u>September 28, 2005</u>, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On <u>October 5, 2005</u>, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by <u>December 21, 2005</u> at 9:30 a.m., a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>January 30, 2006</u>. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on <u>December 15, 2005</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a

6

Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

   12. <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than <u>January 30, 2006</u>, to be considered by the Court in conjunction with the parties' summary judgment motions.

   13. <u>Hearing on Claim Construction and Summary Judgment</u>. Beginning at 9:30 a.m. on <u>March 31, 2006</u>, the Court will hear evidence and argument on claim construction and summary judgment.

   14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

   15. <u>Pretrial Conference</u>. On <u>June 22, 2006</u>, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before <u>May 22, 2006</u>.

16.     <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.     <u>Trial</u>.  This matter is scheduled for a <u>10</u> day jury trial beginning at 9:30 a.m. on <u>July 17, 2006</u> and ending on <u>July 28, 2006</u>.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of <u>22</u> hours to present their case.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE