IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W. C. HERAEUS GMBH & Co. KG (a German corporation), and HERAEUS INCORPORATED (a Delaware corporation),<br><br>    Plaintiffs.<br><br>v.<br><br>MARJORIE JOY LYNN as Personal Representative for the ESTATE OF DAVID MARK LYNN and as Trustee of the MARK AND MARJORIE LYNN REVOCABLE TRUST, LYNN PLASMA, INC. (an Idaho corporation), and NXEDGE, INC. (a Delaware corporation)<br><br>    Defendants. | C.A. No. 04-904 (KAJ) |

## NOTICE OF SUBPOENA (Doll Capital Management)

Plaintiffs hereby notify Defendants that Plaintiffs will serve the attached subpoena on Doll Capital Management.

                              MORRIS, NICHOLS, ARSHT & TUNNELL

                              /s/ Leslie A. Polizoti
                              _____
                              Karen Jacobs Louden (#2881)
                              Leslie A. Polizoti (#4299)
OF COUNSEL:                   1201 N. Market Street
                              P.O. Box 1347
Fay Morisseau                 Wilmington, DE  19899-1347
Mark Itri                     (302) 658-9200
Dennis A. Duchene
McDERMOTT WILL & EMERY LLP    Attorneys for Plaintiffs W.C. Heraeus GmbH and
18191 Von Karman Ave., Suite 400   Heraeus Incorporated
Irvine, California 92612-7107
(949) 851-0633

Dated: May 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to Kevin M. Baird and Karen Jacobs Louden.

I also certify that on May 27, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND**

Kevin M. Baird
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899

/s/ Leslie A. Polizoti
MORRIS, NICHOLS, ARSHT AND TUNNELL
(302) 658-9200
lpolizoti@mnat.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

W.C. HERAEUS GMBH & Co. KG, and HERAEUS INCORPORATED,

    Plaintiffs,

v.

MARJORIE JOY LYNN as Personal Representative for the ESTATE OF DAVID MARK LYNN and as Trustee of the MARK AND MARJORIE LYNN REVOCABLE TRUST, LYNN PLASMA, INC. (an Idaho corporation), and NXEDGE, INC. (a Delaware corporation),

    Defendants.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04-904 (KAJ)
(D. DEL.)

TO: Doll Capital Management
2420 Sand Hill Road, Suite 200
Menlo Park, CA 94025

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: See exhibit A for deposition topics.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): (see exhibit A)

| PLACE | DATE AND TIME |
| --- | --- |
| 2420 Sand Hill Road, Suite 200, Menlo Park, CA 94025 | June 17, 2005, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT | DATE |
| --- | --- |
| *[signature]* Attorney for Plaintiffs | 5/27/05 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| --- | --- |
| Leslie A. Polizoti (#4299)<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 | (302) 658-9200 |

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

A. The terms "Doll," "You," or "Your" shall mean Doll Capital Management, and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

B. The term "NxEdge, Inc." shall mean NxEdge, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

C. The term "NxEdge Boise" shall mean NxEdge Inc. of Boise, and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

D. The term "NxEdge" shall collectively mean NxEdge, Inc. and NxEdge Boise.

E. The term "Lynn Plasma" shall mean defendant Lynn Plasma, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

F. The term "Lynn Defendants" shall collectively mean defendants Marjorie Joy Lynn as Personal Representative for the Estate of David Mark Lynn and as Trustee of the Mark and Marjorie Revocable Trust, and Lynn Plasma.

  G. The term "Bainbridge Industries" shall mean Bainbridge Industries, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

  H. The term "BEST" shall mean Bainbridge Engineered Solutions & Technologies, Inc, and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

  I. The term "Bainbridge" shall collectively mean Bainbridge Industries and BEST.

  J. The terms "Plaintiffs" or "Heraeus" shall mean W.C. Heraeus GmbH and Heraeus Incorporated, collectively, including their officers, directors, employees, and agents.

  K. The term "person" means any natural person or legal entity, including but not limited to any corporation, partnership, proprietorship, firm, trust, association, government entity, organization, or group of persons.

  L. The term "Guardian" shall mean Guardian Industries, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

  M. The term "entity" means any domestic or foreign, public or private corporation, partnership, association or proprietorship, joint venture, subsidiary, parent division, department, branch affiliate, and any other organization or operating unit.

  N. The terms "document" and "documents" includes "things" and are used herein in their broadest sense to include everything contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any kind of printed, recorded, written, graphic,

or photographic matter whether in electronic or hard copy form (including, but not limited to, tape recordings or computer tapes or disks) of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers; books, accounts; letters; models; photographs; drawings; sketches; blueprints; objects; tangible things; correspondence; telegrams; cables; telex messages, memoranda; notes; notations; work papers; routing slips; intra and interoffice communications; intra and interdepartmental communications; communications to, between, or among directors, officers, agents, or employees, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings; affidavits; statements; summaries, opinions; court pleadings; reports; indices, studies, analyses; forecasts; evaluations; contracts; licenses, agreements; invoices; notebooks; entries; ledgers; journals; books or records of accounts; summaries of accounts; balance sheets; income statements; questionnaires, answers to questionnaires; statistical records; advertisements; brochures; circulars; bulletin; pamphlets; trade letters; desk calendars; appointment books; diaries; telephone logs; expense accounts; lists; tabulations; charts; graphs; maps; surveys; sound recordings; data sheets; computer tapes and disks; magnetic tapes; electronic mail; punch cards; computer printouts; data processing input and output; computer files; computer programs; computer program coding sheets; microfilm, microfiche; all other records kept by electronic, photographic, or mechanical means; and things similar to any of the foregoing; all regardless of their author or origin. A document that includes a comment or notation that is otherwise responsive to a request is to be considered a separate document.

  O. "Communications" shall include both written and oral communications between or among any other persons or entities.

  P. The terms "relating," "regarding," and "referring" include but are not limited to the following meanings: pertaining; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; comprising; alluding to; summarizing; explaining; embodying; analyzing;

responding to; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

Q. The term "all" means any and all.

R. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

S. The words "and" or "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

T. The term "Exclusive License" refers to the February 21, 2002 Exclusive Patent and Know-How License Agreement between Mark Lynn and Lynn Plasma on one hand and Heraeus on the other.

U. The terms "Patent-in-Suit" or "'815 Patent" shall mean U.S. Patent No. 6,375,815 B1, entitled "Cylindrical Magnetron Target and Apparatus For Affixing The Target To A Rotatable Spindle Assembly," issued April 23, 2002, and any application that led to that patent.

V. The terms "Apparatus Technology" or "locking collar" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the technology contained in the application that subsequently issued as the '815 Patent, or any continuations-in-part of such application, and any future improvements to such technology.

W. The term "Know-How" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as Lynn Plasma's existing knowledge of the processes, formulae, techniques, methodologies, process engineering data and information and equipment for which Lynn Plasma holds intellectual property rights, to include, but not limited to plasma sprayed Silicon/Aluminum products.

X. The term "Products" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the plasma-sprayed cylindrical magnetron targets. The term "Sputter Targets" may also be used to refer to Products.

Y.   The term "Commercial Applications" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as goods or services produced by Heraeus utilizing the Licensed Technology (as defined below) in applications for the construction, treatment and/or manufacture of plasma-spray technology, or its components, for sputtering targets in the glass industry, but excluding Products.

Z.   The term "Licensed Products" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the Product and Commercial Applications.

AA.   The term "Technical Information" shall carry the same meaning as was set forth in the Exclusive License, which describes the term therein as designs, drawings, prints, specifications, technical information, and manufacturing information as may be available from time to time to Mark Lynn (pertaining to the Apparatus Technology) or to Lynn Plasma (pertaining to the Licensed Products using the Know-How), as the case may be.

BB.   The term "Licensed Technology" shall carry the same meaning as was set forth in the Exclusive License, which describes the term therein as Know-How and Technical Information in applications for the construction, treatment and/or manufacture of plasma-spray technology, or its components, for sputtering targets in the glass industry that Lynn Plasma had in its possession on February 21, 2002 and is used in the manufacture of Licensed Products.

CC.   The term "Purchase Agreement" shall mean the December 7, 2001 Purchase Agreement between Heraeus, Inc. and Lynn Plasma for a Generation III Plasma Spray System (Exhibit B to the Exclusive License).

DD.   The term "March 2003 Asset Purchase Agreement" shall mean the Asset Purchase Agreement dated as of March 31, 2003, by and among Bainbridge Industries, Inc., Bainbridge Engineered Solutions & Technologies, Inc., Lynn Manufacturing, Inc., Lynn Labs, Inc., Lynn Plasma, Inc., Lynn Properties, LLC, Mark Lynn and Mark Lynn, as Stockholders' Representative.

EE. The term "August 2003 Asset Purchase Agreement" shall mean the Asset Purchase Agreement dated as of August 27, 2003, by and among Bainbridge Industries, Inc., Bainbridge Engineered Solutions & Technologies, Inc., Lynn Properties, LLC, Lynn Plasma, Inc., Lynn Research & Technology, Inc., Lynn Manufacturing, Inc., Lynn Labs, Inc., Mark Lynn (in his capacity as Stockholders' Representative) and Mark Lynn and Marjorie Joy Lynn, as Husband and Wife.

FF. The term "CARC3" shall mean the Generation III Plasma Spray System that was the subject of the Purchase Agreement.

GG. The term "CARC2" shall mean the Generation II Plasma Spray System that preceded CARC3.

HH. The term "CARC4" shall mean the Generation IV Plasma Spray System in the possession of NxEdge.

II. The term "infringement" refers to any form of patent infringement actionable under United States law, including, without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

## INSTRUCTIONS

1. All responsive documents within the possession, custody or control of Doll, as identified above, shall be produced.

2. Each responsive document or portion thereof that Doll claims to be privileged against discovery on any ground shall be identified by providing:

   a. description of the general type of the document, i.e. letter, memorandum, report, miscellaneous note, etc.;

   b. the date the document was created;

   c. the author;

    d.    all addressees, recipients, copyholders and other distributees;

    e.    the organization, if any, with which each author, addressee, recipient, or distributee was then connected to and his or her job title or description;

    f.    the number of pages;

    g.    a general summary of the subject matter; and

    h.    the grounds for refusing to produce the document or a portion thereof.

3.    In the event Doll claims that a request is overly broad, Doll is requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

4.    In the event Doll claims that a request is unduly burdensome, Doll is requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

5.    For purposes of these requests, terms not specifically defined shall be given their ordinary meaning as Doll understands them to be used in the industry.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the Purchase Agreement.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to the March 2003 Asset Purchase Agreement.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to the August 2003 Asset Purchase Agreement.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any agreements, licenses, and/or contracts regarding any sale, conveyance or transfer by Lynn Plasma to NxEdge of Lynn Plasma's assets or business related to Sputter Targets.

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to any agreements, licenses, and/or contracts regarding any sale, conveyance or transfer by Lynn Plasma to Bainbridge of Lynn Plasma's assets or business related to Sputter Targets.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to any agreements, licenses, and/or contracts regarding any sale, conveyance or transfer to NxEdge by Mark Lynn or by Lynn Plasma of any rights to the Apparatus Technology.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to any agreements, licenses, and/or contracts regarding any sale, conveyance or transfer to Bainbridge by Mark Lynn or by Lynn Plasma of any rights to the Apparatus Technology.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to any agreements, licenses, and/or contracts regarding any assignment, sale, conveyance or transfer to NxEdge of Lynn Plasma's Licensed Technology, Technical Information or Know-How.

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to any agreements, licenses, and/or contracts regarding any assignment, sale, conveyance or transfer to Bainbridge of Lynn Plasma's Licensed Technology, Technical Information or Know-How.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to, referring to, or regarding the formation of NxEdge, Inc. as a business entity.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to, referring to, or regarding the formation of NxEdge Boise as a business entity.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to, referring to, or regarding the formation of Bainbridge Industries as a business entity.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to, referring to, or regarding the formation of BEST as a business entity.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to, referring to, or regarding the ownership of NxEdge, Inc.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to, referring to, or regarding the ownership of NxEdge Boise.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to, referring to, or regarding the ownership of Bainbridge Industries.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to, referring to, or regarding the ownership of BEST.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to, referring to, or regarding any capital investment in NxEdge, Inc. by any person or entity.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to, referring to, or regarding any capital investment in NxEdge Boise by any person or entity.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to, referring to, or regarding any capital investment in Bainbridge Industries by any person or entity.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to, referring to, or regarding any capital investment in BEST by any person or entity.

**REQUEST FOR PRODUCTION NO. 22:**

All correspondence and communications between any person acting on behalf of NxEdge and Doll Capital Management regarding the Apparatus Technology, the Licensed Technology, Products or Commercial Applications.

**REQUEST FOR PRODUCTION NO. 23:**

All correspondence and communications between any person acting on behalf of Bainbridge and Doll Capital Management regarding the Apparatus Technology, the Licensed Technology, Products or Commercial Applications.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to, referring to, or regarding any attempt or effort by Steve Neighbors to obtain capital investment or financing for Lynn Plasma.

**REQUEST FOR PRODUCTION NO. 25:**

All agreements, contracts and letters of understanding between Lynn Plasma and NxEdge.

**REQUEST FOR PRODUCTION NO. 26:**

All agreements, contracts and letters of understanding between Lynn Plasma and Bainbridge.

**REQUEST FOR PRODUCTION NO. 27:**

All agreements, contracts and letters of understanding between NxEdge and Bainbridge.