## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| W.C. HERAEUS GMBH & CO. KG, and W.C. HERAEUS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-904 (KAJ) |
| MARJORIE JOY LYNN, LYNN PLASMA, INC., NXEDGE, INC., and NXEDGE OF BOISE INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

### NXEDGE'S THIRD NOTICE OF DEPOSITION OF PLAINTIFFS
### W.C. HERAEUS GMBH & CO. KG, and W.C. HERAEUS, INC.
### UNDER FED. R. CIV. P. 30(B)(6)

Please take notice that Defendant NxEdge Inc. of Boise will take the depositions upon oral examination of the person or persons designated by W.C. Heraeus GMBH & Co. KG and Heraeus Incorporated pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In accordance with Rule 30(b)(6), W.C. Heraeus GMBH & Co. KG and Heraeus Incorporated shall each designate one or more officers, directors, managing agents, employees, or other persons to testify on its behalf as to matters known or reasonably available to it with respect to the subject matter described in Exhibit A attached to this notice. NxEdge assumes that W.C. Heraeus GMBH & Co. KG and Heraeus Incorporated will jointly designate the same individuals in response to this subpoena. In that event, NxEdge will conduct the joint deposition at the same time. If W.C. Heraeus GMBH & Co. KG and Heraeus Incorporated wish to designate different

persons in response to this request, NxEdge asks that they do so in a sufficiently timely fashion that will allow the scheduling of separate depositions.

The deposition will take place at a location, date, and time to be mutually agreed upon by counsel for the parties to this action, but not later than the close of discovery. NxEdge respectfully requests that Heraeus provide available dates within one week of this notice. After such time, NxEdge will schedule a date and time of its convenience.

The deposition will be taken before an officer authorized to administer oaths, and will be recorded by real-time stenographic, videographic and/or audiographic means.  The deposition will be taken for the purpose of discovery, use at trial, or for any other purpose permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed.

CONNOLLY BOVE LODGE & HUTZ

/s/ Kevin M. Baird
Kevin M. Baird (# 4219)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899-2207
Tel: (302) 252-4234
Fax: (302) 255-4311
kbaird@cblh.com

*Attorneys for Defendant NxEdge of Boise Inc.*

OF COUNSEL:

Lawrence D. Graham, Esq.
David A. Lowe, Esq.
Black Lowe & Graham, PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
Tel: (208) 342-5000

Dated:  July 30, 2005

<u>EXHIBIT A</u>

**DEFINITIONS**

1.  A listed entity or individual includes but is not limited to any agent of, consultant for, employee of, parent of, subsidiary of, and/or related business entity to, the listed entity or individual.

2.  "Plaintiffs," "W.C. Heraeus GMBH & Co. KG," "W.C. Heraeus, Inc.," "you," or "your" means W.C. Heraeus GMBH & Co. KG and W.C. Heraeus, Inc. and all divisions, predecessors, parents, subsidiaries and other related companies, and the officers, directors, agents, attorneys, accountants and employees and all other persons in privity with such entities or persons with respect to the matters inquired of herein.

3.  "Defendant" or "NxEdge" means NxEdge, Inc. and/or NxEdge Inc. of Boise, collectively and individually, and all divisions, predecessors, parents, subsidiaries and other related companies, and the officers, directors, agents, attorneys, accountants and employees and all other persons in privity with such entities or persons with respect to the matters inquired of herein.

4.  "Person" or "persons" means both companies and individuals.

5.  "Company" or "companies" shall mean a corporation, joint stock company, partnership, joint venture, sole proprietorship, trust association, firm or any other business entity in whatever form located anywhere in the world.

6.  Unless otherwise specified, the documents requested shall include any and all documents created, modified, printed, and/or saved from January 1st, 2000 to the present.

7.  "Related in any way to" includes but is not limited to relating to generally and/or specifically; referencing; copied from; derived from (in part or whole); developed from; investigated and/or generated as a result of; conceived as a result of or flowing from; opinions involving; communicated concerning and/or scheduled because of, the referenced entity or subject matter.

8.  "Document" includes all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including all written, typed, printed, recorded, graphic, audio, visual, or photographic matter, whether contained on paper, storage media (e.g., hard drives, CD-ROMs, DVDs, Memory Chips or disks) and/or in any other form, in your actual or constructive possession, whether original and/or copy and including all copies on which any mark, alteration, writing or any other change from the original has been made. "Document" specifically includes, but is not limited to correspondence, memos, emails, personal calendars, checks, spreadsheets, journals, notebooks, phone notes, other notes, technical data, drawings, process and/or product specifications, equipment lists, marketing materials, packaging, proposals, and/or business plans.

9.  "All documents" means every known document, as above defined, and all documents that can be located or discovered by reasonable diligent search of all locations likely to contain such documents.

10. "Communication" means any exchange or transfer of information between two or more persons, whether written (including electronic), oral, or in any other form.

11. "Relate," "relating," or "related" means and includes any and all information, documents and things referring, reflecting, suggesting, supporting, controverting, evidencing, consisting of, comprising, associated with, or otherwise relating in any way to the specified subject matter, topic, classification, or category of information, communication, conduct, or event.

12. "The '815 patent" or "patent-in-suit" means U.S. Patent No. 6,375,815.

13. "Public domain" documents means and includes all journal articles, web site pages, brochures, trade show materials, or any other documents and physical things that are accessible by the public.

14. "Trade Secrets" shall be any interpretation consistent with Plaintiffs' understanding thereof, with particular reference to Plaintiffs' Complaint.

**SUBJECTS OF DEPOSITION**

1. Your use of the Licensed Technology under the Exclusive Patent License and Know-How License Agreement.

2. Your sale of products using the Licensed Technology under the Exclusive Patent License and Know-How License Agreement.

3. Your sale of all products containing plasma-sprayed Si/Al, including but not limited to cylindrical targets and planar targets, and further including all such products sold or distributed anywhere in the world.

4. Your estimation of the size of the actual or potential market for products containing plasma-sprayed Si/Al, including but not limited to cylindrical targets and planar targets, and further including all such products sold or distributed anywhere in the world.

5. Your actual and projected sales (in units, costs, and profits) of products containing plasma-sprayed Si/Al, including but not limited to cylindrical targets and planar targets, and further including all such products sold or distributed anywhere in the world.

6. Your communication with Guardian concerning any of the Defendants or otherwise related to issues alleged in the pleadings.

7. Any purchase by you of products containing plasma-sprayed Si/Al from any of the Defendants.

8. Any request from any of the Defendants to you to purchase products containing plasma-sprayed Si/Al, including your response to such requests.

9. Your sale of targets to Guardian, including the timing, pricing, and quantities of such sales.

10. The qualities and performance of any products containing plasma-sprayed Si/Al, made and sold by you, including any complaints, rejections, test data, or laudatory comments from anyone.

11. All meetings between you and the Defendants, particularly including meetings conducted under nondisclosure agreements, and the information shared at such meetings.

12. All facts related to any claim for damages by the Defendants.

## CERTIFICATE OF SERVICE

I, Kevin M. Baird, Esq. hereby certify that on June 30, 2005, copies of the foregoing

document were caused to be served upon the following:

### BY ELECTRONIC FILING AND HAND DELIVERY

Karen Jacobs Louden, Esquire
Leslie A. Polizoti, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899


/s/ Kevin M. Baird
Kevin M. Baird (# 4219)