# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
302-351-9227
302-425-4681
klouden@mnat.com

September 29, 2005

**PUBLIC VERSION**

By E-Filing

The Hon. Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, Delaware 19801

      Re:    W.C. HeraeusGmbH & Heraeus, Inc. v. Marjorie Joy Lynn, et al.
               C.A. No. 04-904 (KAJ)

Dear Judge Jordan:

      Pursuant to paragraph 7 of the Court's March 8, 2005 Scheduling Order (D.I. 40), plaintiffs W.C. Heraeus GmbH & Heraeus, Inc. ("Heraeus") submit this interim status report.

      By way of background, on February 21, 2002, Heraeus and Lynn Plasma entered into an Exclusive License and Know-How Agreement (the "Agreement") by which Lynn Plasma gave Heraeus exclusive rights to its plasma-spray technology, and its related equipment and components, for making sputter targets in the glass industry. Mr. Steven Neighbors was a principal of Lynn Plasma and negotiated the Agreement on its behalf, but he then subsequently transferred the same technology from Lynn Plasma to a new company, NxEdge, without the consent of Heraeus, in violation of the Agreement. Heraeus thus filed this lawsuit for breach of contract, patent infringement, trade secret misappropriation, and other related claims.

      Written discovery and depositions are ongoing. Pursuant to the Court's most recent Scheduling Order (D.I. 105), expert reports are due on November 4, supplemental reports are due on November 23, and fact discovery is due to close on January 18, 2006. The case dispositive motion deadline of January 30, 2006 remains unchanged. (D.I. 40). Trial is scheduled to begin July 17, 2006.

Hon. Kent A. Jordan
September 29, 2005
Page 2

The major concern that plaintiffs have is that there has been little progress on discovery to date from defendants relating to the core technology that is the subject of Heraeus' claims for breach of contract, trade secret misappropriation, and other related claims. Notwithstanding that the Exclusive License Agreement specifies the technology at issue in this case, defendants have consistently objected to and blocked discovery relating to the subject technology, insisting on more and more detailed descriptions of the trade secrets before they will provide the requested discovery.

In particular, NxEdge objected, on this basis, to many of Heraeus' written discovery requests relating to the subject technology and related financial information, refused to respond to certain interrogatories, and has refused to produce related documents. NxEdge has also blocked Heraeus from inspecting the equipment and processes at its facility, objected to Heraeus' noticed 30(b)(6) deposition to NxEdge relating to the subject technology, and limited the scope of other witness depositions to prevent Heraeus from addressing the subject technology. Similarly, Lynn Plasma has objected, on the same basis, to Heraeus' noticed 30(b)(6) deposition to Lynn Plasma relating to the subject technology.

Defendants' position is unsupportable for several reasons. First, the trade secret and related technology that Lynn Plasma originally transferred under the Agreement is defined in the Agreement itself and was subsequently provided by Lynn Plasma to Heraeus. Having negotiated that Agreement on behalf of Lynn Plasma, Mr. Neighbors (now with NxEdge) knows what was transferred. Second, the Agreement provides Heraeus with exclusive rights to "Improvements." Defendants have also blocked discovery relating to their improvements to the subject technology, however, notwithstanding that it is defendants – not Heraeus – who have exclusive knowledge of what improvements they have developed, insisting instead that Heraeus identify that which it has no direct knowledge of.

Thus, even though plaintiffs believe that there has never been any question in this case as to what the technology in question is, plaintiffs have supplemented their response to defendants' interrogatory no. 9 twice to provide more detail as to the trade secrets at issue. In fact, the Second Supplemental Response that Heraeus recently served is 20 pages long and includes an additional 14 pages of exhibits detailing the technology at issue. We submit herewith, as Exh. A, Heraeus's highly confidential second supplemental response for the Court's convenience.

Heraeus does not know at this juncture if defendants will continue to attempt to block discovery on the above-mentioned basis. Defendants still have yet to produce many technical documents and related financial documents, have yet to produce technical witnesses for deposition, and have yet to make their physical facilities available for inspection. Thus, notwithstanding that the discovery deadlines have already been extended once, as a result of defendants' position, discovery relating to the core technology of this case has been substantially limited. Heraeus is very concerned about its ability to meet the upcoming dates for expert reports if the needed discovery is not immediately provided. Unfortunately, there is little room in the existing schedule for further extensions.

Hon. Kent A. Jordan
September 29, 2005
Page 3

      The parties are not similarly situated with respect to discovery. In contrast to the positions taken by the defendants, Heraeus has consistently provided documents and written responses, and made its witnesses available for deposition regarding the technical subject matter of this case. The defendants have also conducted an inspection of the Heraeus facility in which the subject technology is implemented and practiced.

      We would appreciate the opportunity to discuss this issue with the Court during the status conference next Wednesday, October 5, 2005.

      Respectfully,

      /s/ *Karen Jacobs Louden*
      Karen Jacobs Louden
      klouden@mnat.com

/cbh
cc:   Dr. Peter T. Dalleo (by e-filing) (w/o enc.)
      Kevin M. Baird, Esq. (by hand) (w/enc.)
      Lawrence Graham, Esq. (by telecopy) (w/o enc.)
      B. Newal Squyres, Esq. (by telecopy) (w/o enc.)
      Fay E. Morisseau, Esq. (by telecopy) (w/o enc.)
      Dennis A. Duchene, Esq. (by telecopy) (w/o enc.)

# EXHIBIT A

# UNDER SEAL