

## CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

**KEVIN M. BAIRD**
Patent Attorney

TEL (302) 658-9141
FAX (302) 658-5614
EMAIL kbaird@cblh.com
REPLY TO Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

September 28, 2005

**VIA E-FILING**

The Honorable Kent A. Jordan                          **PUBLIC VERSION**
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:   **STATUS REPORT**
      *W.C. Heraeus GMBH & Co. KG, et al. v. Marjorie Joy Lynn, et al.*
      Civil Action No. No. 04-904 -KAJ

Dear Judge Jordan:

I represent Defendants in the above-captioned matter and write to inform Your Honor of the present status of this litigation in anticipation of the October 5, 2005 telephone status conference. This is an action for breach of contract, trade secret misappropriation, and other business torts where plaintiffs accuse the defendants of improperly transferring certain plasma spray technology to which plaintiff alleges it had certain exclusive rights.

1. **The Identification of Trade Secrets with Particularity**

Heraeus has alleged that the Defendants misappropriated trade secrets when the Lynn Defendants sold their plasma spray business to NxEdge. The Defendants have contended that, before Heraeus can conduct invasive discovery of NxEdge's plasma spray processes and technology, Heraeus must identify its allegedly misappropriated trade secrets with particularity. Defendants' position is supported by a number of decisions from Delaware state and federal courts. On September 26, 2005, Heraeus finally submitted a supplemental interrogatory response addressing its alleged trade secrets in some detail. The Defendants do not concede that the response is full and complete, having received it only recently, but it is possible that this response may finally allow the parties to proceed with discovery on this topic.

2. **Heraeus' Failure to Adequately Respond to Written Discovery**

The parties have conducted a significant amount of written discovery in this matter. While Hereaus has produced a large volume of documents, its production of documents has been incomplete in at least one category of documents. On May 12, 2005, the Lynn Defendants served Heraeus with written discovery seeking business plans and planning process, financial reporting information, projected and

The Honorable Kent A. Jordan
September 28, 2005
Page 2

actual sales and costs of production, budgets, and other similar documents that would provide data or information of a financial nature regarding the plasma spray technology at issue in the case. When Heraeus failed to produce these types of documents, counsel for the Lynn Defendants made the request again in a letter dated September 7, 2005. Although Heraeus finally produced a large volume of financial information on September 13, 2005, the production lacked any of the business plan documents or narratives relating thereto that the Defendants have been diligently trying to obtain. Defendants know the business plan documents exist – they are regularly referenced in other Heraeus documents and in Heraeus deposition testimony. Moreover, because Heraeus alleges that the Lynn Defendants misrepresented the nature of the market for the plasma technology at issue in the Amended Complaint, the business plans and assessment of that market are highly relevant.

3.  **Depositions**

All of the parties to this litigation have taken numerous depositions, including Rule 30(b)(6) depositions. At least one deposition – the 30(b)(6) deposition on the plasma spray technology used by NxEdge – has been postponed while waiting for Heraeus to identify its allegedly misappropriated trade secrets with particularity. Defendants expect that both sides will be taking a number of additional depositions, including expert depositions, prior to the Court's discovery deadline.

NxEdge has also had difficulty getting certain answers from Heraeus' Rule 30(b)(6) deponents on topic areas having to do with the interpretation of the contract at issue. During the course of the deposition, NxEdge contends that Heraeus' understanding of the meaning of the contract at the time it executed the contract cannot be protected by privilege, and that Heraeus should have to answer the questions. NxEdge expects that this issue is unlikely to be resolved among the parties, and may require intervention from the Court.

                                                Respectfully submitted,

                                                /s/ Kevin M. Baird
                                                Kevin M. Baird (# 4219)
                                                kbaird@cblh.com

cc:  Peter T. Dalleo, Clerk of Court (by Hand)
     Karen Jacobs Louden, Esq. (by Hand)
     Leslie A. Polizoti, Esq. (by Hand)
     Fay Morisseau, Esq. (via Federal Express)
     Dennis Duchene, Esq. (via Federal Express)