IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W. C. HERAEUS GMBH (a German corporation), and HERAEUS INCORPORATED (a Delaware corporation),<br><br>Plaintiffs.<br><br>v.<br><br>MARJORIE JOY LYNN as Personal Representative for the ESTATE OF DAVID MARK LYNN and as Trustee of the MARK AND MARJORIE LYNN REVOCABLE TRUST, LYNN PLASMA, INC. (an Idaho corporation), NXEDGE, INC. (a Delaware corporation) and NXEDGE INC. OF BOISE (a Delaware Corporation)<br><br>Defendants. | C.A. No. 04-904 (KAJ) |

**PLAINTIFFS' SIXTH NOTICE OF VIDEOTAPED DEPOSITION OF DEFENDANT NXEDGE, INC. AND NXEDGE INC. OF BOISE UNDER RULE 30(b)(6) OF THE <u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

PLEASE TAKE NOTICE that Plaintiffs W.C. Heraeus GmbH and Heraeus Incorporated, by their attorneys, will take the deposition upon oral examination of the person or persons designated by NxEdge, Inc. and NxEdge Inc. of Boise (collectively "NxEdge") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will take place at the offices of NxEdge, 7500 W. Mossy Cup St., Boise, Idaho 83709, on November 17, 2005 commencing at 9:00 a.m., or at such other time and location as mutually agreed upon, and will continue from day to day until completed. The deposition will be taken before an officer authorized to administer an oath. Testimony will be recorded by stenographic, videographic, real time and audio/video means (*e.g.*, Live Note). The deposition will be taken for the purpose of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of

Civil Procedure.

In accordance with Fed. R. Civ. P. 30(b)(6), NxEdge shall designate one or more officers, directors, managing agents, employees or other persons to testify on its behalf as to matters known or reasonably available to it considering the subject matter described in Exhibit A attached hereto.

            MORRIS, NICHOLS, ARSHT & TUNNELL

            */s/ James W. Parrett, Jr.*
            Karen Jacobs Louden (#2881)
            James W. Parrett, Jr. (#4292)
            jparrett@mnat.com
            Leslie A. Polizoti (#4299)
            1201 N. Market Street
            P.O. Box 1347
            Wilmington, DE  19899-1347
            (302) 658-9200
            Attorneys for plaintiffs W.C. Heraeus GmbH and
OF COUNSEL:            Heraeus Incorporated

Fay Morisseau
Mark Itri
Dennis Duchene
McDERMOTT WILL & EMERY LLP
18191 Von Karman Ave., Suite 400
Irvine, California 92612
(949) 851-0633
(949) 851-9348

October 21, 2005

#489318

# EXHIBIT A

## DEFINITIONS

A. The terms "NxEdge" shall mean NxEdge, Inc., NxEdge, Inc. of Boise, BEST and Bainbridge Industries, Inc., and shall include each of their predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by either company, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

B. The term "Lynn Plasma" shall mean defendant Lynn Plasma, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

C. The term "Lynn Defendants" shall collectively mean defendants Marjorie Joy Lynn as Personal Representative for the Estate of David Mark Lynn and as Trustee of the Mark and Marjorie Revocable Trust, and Lynn Plasma.

D. The terms "Plaintiffs" or "Heraeus" shall mean W.C. Heraeus GmbH and Heraeus Incorporated, collectively, including their officers, directors, employees, and agents.

E. The term "person" means any natural person or legal entity, including but not limited to any corporation, partnership, proprietorship, firm, trust, association, government entity, organization, or group of persons.

F. The term "Guardian" shall mean Guardian Industries, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

G. The terms "Bainbridge" shall mean Bainbridge Industries, Inc., and shall include each of its predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

H. The term "entity" means any domestic or foreign, public or private corporation, partnership, association or proprietorship, joint venture, subsidiary, parent division, department, branch affiliate, and any other organization or operating unit.

I. The terms "document" and "documents" includes "things" and are used herein in their broadest sense to include everything contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any kind of printed, recorded, written, graphic, or photographic matter whether in electronic or hard copy form (including, but not limited to, tape recordings or computer tapes or disks) of any kind or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation:  papers; books, accounts; letters; models; photographs; drawings; sketches; blueprints; objects; tangible things; correspondence; telegrams; cables; telex messages, memoranda; notes; notations; work papers; routing slips; intra and interoffice communications; intra and interdepartmental communications; communications to, between, or among directors, officers, agents, or employees, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings; affidavits; statements; summaries, opinions; court pleadings; reports; indices, studies, analyses; forecasts; evaluations; contracts; licenses, agreements; invoices; notebooks; entries; ledgers; journals; books or records of accounts; summaries of accounts; balance sheets; income statements; questionnaires, answers to questionnaires; statistical records; advertisements; brochures; circulars; bulletin; pamphlets; trade letters; desk calendars; appointment books; diaries; telephone logs; expense accounts; lists; tabulations; charts; graphs; maps; surveys; sound recordings; data sheets; computer tapes and disks; magnetic tapes; electronic mail; punch cards;

computer printouts; data processing input and output; computer files; computer programs; computer program coding sheets; microfilm, microfiche; all other records kept by electronic, photographic, or mechanical means; and things similar to any of the foregoing; all regardless of their author or origin.  A document that includes a comment or notation that is otherwise responsive to a request is to be considered a separate document.

J. "Communications" shall include both written and oral communications between or among any other persons or entities.

K. The terms "relating," "regarding," and "referring" include but are not limited to the following meanings: pertaining; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; comprising; alluding to; summarizing; explaining; embodying; analyzing; responding to; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

L. The term "all" means any and all.

M. The singular and masculine form of any noun or pronoun shall embrace and be read and applied as embracing the plural, the feminine, and the neuter, except where circumstances clearly make it inappropriate.

N. The words "and" or "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

O. The term "Exclusive License" refers to the February 21, 2002 Exclusive Patent and Know-How License Agreement between Mark Lynn and Lynn Plasma on one hand and Heraeus on the other.

P. The terms "Patent-in-Suit" or "`815 Patent" shall mean U.S. Patent No.6,375,815 B1, entitled "Cylindrical Magnetron Target and Apparatus For Affixing The Target To A Rotatable Spindle Assembly," issued April 23, 2002, and any application that led to that patent.

Q. The terms "Apparatus Technology" or "locking collar" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the technology

contained in the application that subsequently issued as the `815 Patent, or any continuations-in-part of such application, and any future improvements to such technology.

R.  The term "Know-How" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as Lynn Plasma's existing knowledge of the processes, formulae, techniques, methodologies, process engineering data and information and equipment for which Lynn Plasma holds intellectual property rights, to include, but not limited to plasma sprayed Silicon/Aluminum products.

S.  The term "Products" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the plasma-sprayed cylindrical magnetron targets. The term "Sputter Targets" may also be used to refer to Products.

T.  The term "Commercial Applications" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as goods or services produced by Heraeus utilizing the Licensed Technology (as defined below) in applications for the construction, treatment and/or manufacture of plasma-spray technology, or its components, for sputtering targets in the glass industry, but excluding Products.

U.  The term "Licensed Products" shall carry the same meaning as set forth in the Exclusive License, which describes the term therein as the Product and Commercial Applications.

V.  The term "Technical Information" shall carry the same meaning as was set forth in the Exclusive License, which describes the term therein as designs, drawings, prints, specifications, technical information, and manufacturing information as may be available from time to time to Mark Lynn (pertaining to the Apparatus Technology) or to Lynn Plasma (pertaining to the Licensed Products using the Know-How), as the case may be.

W.  The term "Licensed Technology" shall carry the same meaning as was set forth in the Exclusive License, which describes the term therein as Know-How and Technical Information in applications for the construction, treatment and/or manufacture of plasma-spray technology, or its components, for sputtering targets in the glass industry that Lynn Plasma had

in its possession on February 21, 2002 and is used in the manufacture of Licensed Products.

   X. The term "Purchase Agreement" shall mean the December 7, 2001 Purchase Agreement between Heraeus, Inc. and Lynn Plasma for a Generation III Plasma Spray System (Exhibit B to the Exclusive License).

   Y. The term "March 2003 Asset Purchase Agreement" shall mean the Asset Purchase Agreement dated as of March 31, 2003, by and among Bainbridge Industries, Inc., Bainbridge Engineered Solutions & Technologies, Inc., Lynn Manufacturing, Inc., Lynn Labs, Inc., Lynn Plasma, Inc., Lynn Properties, LLC, Mark Lynn and Mark Lynn, as Stockholders' Representative.

   Z. The term "August 2003 Asset Purchase Agreement" shall mean the Asset Purchase Agreement dated as of August 27, 2003, by and among Bainbridge Industries, Inc., Bainbridge Engineered Solutions & Technologies, Inc., Lynn Properties, LLC, Lynn Plasma, Inc., Lynn Research & Technology, Inc., Lynn Manufacturing, Inc., Lynn Labs, Inc., Mark Lynn (in his capacity as Stockholders' Representative) and Mark Lynn and Marjorie Joy Lynn, as Husband and Wife.

   AA. The term "CARC3" shall mean the Generation III Plasma Spray System that was the subject of the Purchase Agreement.

   BB. The term "CARC2" shall mean the Generation II Plasma Spray System that preceded CARC3.

   CC. The term "CARC4" shall mean the Generation IV Plasma Spray System in the possession of NxEdge.

   DD. The term "infringement" refers to any form of patent infringement actionable under United States law, including, without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

## INSTRUCTIONS

1. Each deposition subject herein shall include the identity of employees of NxEdge and other persons having discoverable information concerning the deposition subject.

2. Each deposition subject herein shall include the identity of all documents and facts relating to the deposition subject.

3. Heraeus otherwise hereby incorporates by reference all instructions in Plaintiffs' First Set of Requests for the Production of Documents and Things to NxEdge, Inc. as though fully set forth herein.

## SUBJECTS OF DEPOSITION

1. Information relating to NxEdge's belief that Lynn Plasma and NxEdge disclosed to Heraeus certain confidential information related to the manner in which Lynn Plasma and/or NxEdge conducted their business.

2. Information relating to any oral and written non-disclosure agreements between NxEdge and Heraeus.

3. Information relating to NxEdge's belief that Heraeus disclosed to others confidential information gained from Lynn Plasma or NxEdge in order to sell sputter targets in competition with NxEdge.

4. Information relating to the alleged confidential information transferred by NxEdge to Heraeus.

5. Information pertaining to all Improvements (as defined in the Exclusive License) to silicon aluminum plasma spray technology made, developed or implemented by NxEdge from March 31, 2003 to the present.

6. Information pertaining to all Improvements (as defined in the Exclusive License) to non-silicon aluminum plasma spray technology made, developed or implemented by NxEdge from March 31, 2003 to the present.

       7.     Information pertaining to all Licensed Technology (as defined in the Exclusive License) that was transferred by Mark Lynn and/or Lynn Plasma to Heraeus pursuant to Section 3.1.1 of the Exclusive License.

       8.     Information relating to all due diligence conducted by NxEdge regarding the technology licensed by Lynn Plasma to Heraeus pursuant to the Exclusive License.

       9.     Information relating to all due diligence conducted by NxEdge regarding Improvements (as defined in the Exclusive License) made by Lynn Plasma from February 21, 2002 to March 31, 2003.

      10.    Information relating to all due diligence conducted by NxEdge regarding all technology in the possession of Lynn Plasma prior to March 31, 2003.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Kevin M. Baird.

I further certify that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

Kevin M. Baird
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

**BY FEDERAL EXPRESS**

B. Newal Squyres
Holland & Hart LLP
U.S. Bank Plaza
101 S. Capitol Blvd., Suite 1400
Boise, ID  83702

Lawrence D. Graham
Black Lowe & Graham, PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA  98104

*/s/ James W. Parrett, Jr.*
Morris, Nichols, Arsht & Tunnell
jparrett@mnat.com