IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.C. HERAEUS GMBH & CO. KG, and W.C. HERAEUS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARJORIE JOY LYNN, LYNN PLASMA, INC., NXEDGE, INC., and NXEDGE OF BOISE INC., <br><br> Defendants. | Civil Action No. 04-904 (KAJ) |

### NXEDGE'S MOTION FOR VOLUNTARY DISMISSAL OF ITS SECOND AND THIRD COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendants NxEdge, Inc. and NxEdge of Boise, Inc. (collectively "NxEdge"), hereby move this Court for an Order granting its voluntarily dismissal of its second counterclaim, Count II, for breach of contract related to nondisclosure agreements, and its third counterclaim, Count III, for interference with business expectancy. NxEdge hereby waives its right to file an opening brief pursuant to Del. LR 7.1.2 and in support of its Motion states as follows:

**Legal Standard for Voluntary Dismissal**

Rule 41(a)(2) permits a party to dismiss an action upon such terms and conditions as the Court deems proper. The Rule also makes clear that "unless otherwise specified in the order, dismissal under this paragraph is without prejudice." In this Circuit, the decision whether to grant a motion for voluntary dismissal under Rule 41 is within the district court's sound discretion. *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991). Furthermore, it has been recognized that the Third Circuit has a "liberal practice of granting Rule 41(a)(2) dismissals." *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del. 1991). A court should grant a Rule 41(a)(2) dismissal unless the opposing party will "suffer plain legal prejudice." *Reach & Assocs., P.C. v. Dencer*,

2004 WL 253487, *1 (D. Del. Feb. 9, 2004). In analyzing prejudice, a court should consider "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss." *Id.* (quoting *Spring City Corp. v. American Bldgs. Co.*, 1999 WL 1212201 at *1; James Wm. Moore, *et al.*, 8 *Moore's Federal Practice* § 41.40[6] (3d ed. rev. 2003)).

### The Facts in This Case Favor Voluntary Dismissal

In order to make more efficient use of judicial resources and to focus this lawsuit on the key issues in the case, NxEdge requests dismissal without prejudice of these two counts. Any perceived prejudice to Heraeus is not outweighed by the benefits of removing these claims from the case. In this case, NxEdge brought its counterclaims in response to Heraeus's lawsuit, it did not bring them independently. Furthermore, there has been little, if any, additional expense preparing for trial incurred by either party in this litigation related solely to NxEdge's second and third counterclaims. Trial in this case is not scheduled until July 2006. Additionally, discovery would not have proceeded in a significantly different manner had these counterclaims not been initially asserted. Thus, Heraeus cannot point to any significant additional expenses in discovery or in preparing for trial as a result of these counterclaims being in the case.

Similarly, this litigation has not progressed much differently with these counterclaims in the case than it would have progressed without them. As discussed above, trial is still over seven months away and neither party has begun its pre-trial preparations. As for discovery, there would not likely have been any fewer documents produced or any fewer depositions if these counterclaims were not in the case. In fact, very little time has been taken during depositions in this matter concerning Hereaus's alleged use of NxEdge/Lynn confidential information in contacts with Guardian and other glass manufacturers. To date, this case has not progressed nearly to the point where Heraeus would be prejudiced by dismissing these two counterclaims. In fact, both parties

will be benefited by having the issues narrowed well in advance of the pre-trial stage and dispositive motion.

Finally, NxEdge has acted with the utmost diligence in bringing its motion. This motion is filed promptly during the course of discovery, after receiving document production from Heraeus and taking the depositions of Kevin Williams, Uli Blankenstein, and Bernd Stenger, the three primary contract negotiators for Heraeus. Therefore, under the *Reach* factors, there is no demonstrable prejudice to Heraeus resulting from such a dismissal. Rather, both parties will benefit and judicial economy will be advanced by permitting the dismissal without prejudice.

## Conclusion

For the reasons stated above, NxEdge respectfully requests that the Court grant its motion and dismiss its second and third counterclaims without prejudice.

CONNOLLY BOVE LODGE & HUTZ

/s/ Kevin M. Baird
Kevin M. Baird (# 4219)
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899-2207
Tel: (302) 252-4234
Fax: (302) 255-4311
kbaird@cblh.com

*Attorneys for Defendants NxEdge, Inc. and NxEdge of Boise Inc.*

OF COUNSEL:

Lawrence D. Graham, Esq.
David A. Lowe, Esq.
Douglas A. Grady, Esq.
Mark S. Beaufait, Esq.
Black Lowe & Graham, PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
Tel: (208) 342-5000
Fax: (206) 381-3301

Dated:  December 7, 2005

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.C. HERAEUS GMBH & CO. KG, and W.C. HERAEUS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 04-904 (KAJ)<br>) |
| MARJORIE JOY LYNN, LYNN PLASMA, INC., NXEDGE, INC., and NXEDGE OF BOISE INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## O R D E R

At Wilmington, this _____ day of _____, 2005, having reviewed defendants NxEdge, Inc. and NxEdge of Boise, Inc.'s Motion for Voluntary Dismissal of its Second and Third Counterclaims and the accompanying papers submitted in conjunction therewith, pursuant to Fed. R. Civ. P. 41(a)(2);

IT IS ORDERED that defendants' motion is GRANTED and its second and third counterclaims are dismissed without prejudice.

_____
United States District Judge

2

## STATEMENT PURSUANT TO D. DEL. LR 7.1.1

I, Kevin M. Baird, Esq., counsel for defendants NxEdge, Inc. and NxEdge of Boise, Inc., hereby state that the parties have attempted to reach an agreement on the matters set forth in Defendants' Motion for Voluntary Dismissal, by email communications among counsel. Specifically, counsel for defendants emailed counsel for plaintiff requesting that plaintiff consent to the filing. Plaintiff's consent was not forthcoming.

Date:   December 7, 2005                    /s/ Kevin M. Baird
                                            Kevin M. Baird (#4219)

## CERTIFICATE OF SERVICE

I, Kevin M. Baird, Esq. hereby certify that on December 7, 2005, copies of the foregoing document were caused to be served upon the following:

**BY ELECTRONIC FILING, EMAIL AND HAND DELIVERY**

>Karen Jacobs Louden, Esquire
>Leslie A. Polizoti, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899

**BY EMAIL**

>Fay Morisseau
>Mark Itri
>Dennis Duchene
>McDermott, Will & Emery LLP
>18191 Von Karman Ave., Suite 400
>Irvine, CA 92612
>
>B. Newal Squyres, Esq.
>Kevin C. Braley, Esq.
>Holland & Hart, LLP
>U.S. Bank Plaza
>101 S. Capitol Boulevard, Suite 1400
>Boise, ID  83702-7714

>/s/ Kevin M. Baird
>Kevin M. Baird (# 4219)

3