Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2004 WL 253487 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
  United States District Court,D. Delaware.
REACH & ASSOCIATES, P.C., and Bird & Associates, P.C., Plaintiffs,
v.
F. Tayton DENCER, Imperial Rubber Industries, Inc., Imperial Rubber Development Co., Inc., Imperial Rubber Holdings, Inc., and John Does 1-2, Defendants.
**No. Civ.A. 02-1355 JJF.**

Feb. 9, 2004.

Timothy Jay Houseal, of Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for Plaintiffs.
David S. Eagle, of Klehr, Harrison, Harvey, Branzburg & Ellers, Wilmington, Delaware, for Defendants.

MEMORANDUM OPINION

FARNAN, J.
***1** Presently before the Court is Plaintiffs' Motion To Approve Voluntary Dismissal (D.I.53-1), Or In The Alternative To Transfer To California Action. (D.I.53-2.) For the following reasons, the Court will grant Plaintiffs' Motion To Approve Voluntary Dismissal. (D.I.53-1.)

BACKGROUND

Plaintiffs filed the instant lawsuit on August 5, 2002. On August 6, 2002, Plaintiffs filed a virtually identical lawsuit in the Central District of California (the "California Action"). The Central District of California stayed the California Action pending resolution of the instant lawsuit. In a June 19, 2003, Memorandum Opinion and Order, the Court dismissed Plaintiffs' action against two Defendants based on lack of personal jurisdiction. (D.I.45.) Thereafter, Plaintiffs filed the instant motions so that they could proceed in the California Action as the Central District of California has personal jurisdiction over all Defendants.

I. Parties' Contentions

Plaintiffs contend that the Court should grant their motion for voluntary dismissal because the instant action is not at such an advanced stage of litigation that Defendants would suffer legal prejudice if the Court were to grant dismissal. Plaintiffs also contend that little discovery has occurred. Plaintiffs alternatively request the Court to transfer the instant action to the Central District of California.

In response, Defendants contend that the Court should deny Plaintiffs' motion for voluntary dismissal because the instant action has been pending for over one year and discovery has taken place. Further, Defendants contend that Plaintiffs are attempting to manipulate the federal court system by selecting, after filing identical lawsuits in two fora, the most favorable jurisdiction for their action.

DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 253487 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Procedure provides, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper [.]" Fed.R.Civ.P. 41(a)(2). The purpose of Rule 41(a)(2) is to prevent dismissals that prejudice an opposing party and to permit the court to impose curative conditions it deems necessary. *Mobil Oil Corp. v. Advanced Env'tl Recycling Techs., Inc.,* 203 F.R.D. 156, 158 (D.Del.2001). Ordinarily, a court should grant a Rule 41(a)(2) dismissal unless the defendant will suffer plain legal prejudice. *Spring City Corp. v. Am. Bldgs. Co.,* 1999 WL 1212201 at *1 (E.D.Pa. Dec. 17, 1999). The mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice. *DuToit v. Strategic Minerals Corp.,* 136 F.R.D. 82, 85 (D.Del.1991). In determining prejudice, a court should consider 1) "any excessive and duplicative expense of a second litigation; [2] ] the effort and expense incurred by a defendant in preparing for trial; [3] ] the extent to which the pending litigation has progressed; and [4] ] the claimant's diligence in moving to dismiss." *Spring City,* 1999 WL 1212201 at *1 (interior quotation omitted); James Wm. Moore, et al., 8 *Moore's Federal Practice* § 41.40[6] (3d ed. rev.2003). Applying these principles to Plaintiffs' actions, the Court will grant Plaintiffs' motion for voluntary dismissal.

**\*2** The Court concludes that Defendants have not demonstrated that they will suffer legal prejudice sufficient to justify the Court's departure from the Third Circuit's liberal practice of granting Rule 41(a)(2) dismissals. *DuToit,* 136 F.R.D. at 85 (citing *In re Paoli R.R. Litig.,* 916 F.2d 829, 863 (3d Cir.1990). Beginning with the first two *Spring City* factors, the Court concludes that dismissal of the instant action will not unduly prejudice Defendants. As Defendants note in their opposition brief, Plaintiffs filed a "virtually identical case against defendants in the Central District of California." (D.I. 55 at 1.) Thus, the discovery already conducted and attorney work product generated in litigating the instant action will not be wasted when opposing an "identical case" in California.

Next, although the instant action has been pending for over one year, the pretrial, discovery, and dispositive motion deadlines have not yet passed. More importantly, the instant action is not on the eve of trial. Therefore, the Court views the instant action as distinct from a case where a defendant would suffer undue prejudice after "having been ready for trial in [one] federal court and then [being] told that the proceedings would be started once again." *Ferguson v. Eakle,* 492 F.2d 26, 29 (3d Cir.1974). Instead, the prejudice Defendants face following dismissal of the instant action is the "prospect of another lawsuit," which does not amount to prejudice sufficient to preclude the Court from granting dismissal. *See DuToit,* 136 F.R.D. at 85.

The Court also concludes that Plaintiffs did not unduly delay in filing the instant motion following the Court's June 19, 2003, Memorandum Opinion and Order dismissing two defendants for lack of personal jurisdiction. Once Plaintiffs became aware that they could not litigate the instant action against all Defendants in Delaware, they filed the instant motion.

Based upon the absence of any undue prejudice to Defendants, the Court will grant Plaintiffs' Motion To Approve Voluntary Dismissal. (D.I.53-1.)

An appropriate Order will be entered.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2004 WL 253487 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

ORDER

At Wilmington, this 9th day of February, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that:
1) Plaintiffs' Motion To Approve Voluntary Dismissal (D.I.53-1) is *GRANTED;*
2) Plaintiffs' Alternative Motion To Transfer To California Action (D.I.53-2) is *DENIED* as moot.

D.Del.,2004.
Reach & Associates, P.C. v. Dencer
Not Reported in F.Supp.2d, 2004 WL 253487 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01355 (Docket) (Aug. 05, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 1999 WL 1212201 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
SPRING CITY CORPORATION, trading as Spring II Associates, Plaintiff,
v.
AMERICAN BUILDINGS COMPANY, Defendant/Plaintiff,
v.
CONTRACTORS OF AMERICA, INC., Third-Party Defendant.
**Nos. CIV.A. 97-8127, CIV.A. 98-105.**

Dec. 17, 1999.

MEMORANDUM

PADOVA.

*1 Before the Court is a Motion for Voluntary Dismissal of this matter filed by Plaintiff Spring City Corporation pursuant to Fed.R.Civ.P. 41(a)(2). For the reasons discussed below, the Court will dismiss the above matter with prejudice. The Court further rejects Defendant's request for costs and attorney's fees.

I. *FACTUAL BACKGROUND*

Plaintiff filed three lawsuits concerning the collapse of a roof of a metal building that occurred on January 12, 1996. The first, Civil Action No. 98-28 ("Spring City I"), was brought against Contractors of America and its president, Lynn Bradeen. Subsequently, Plaintiff amended its complaint to add American Buildings Company (ABC) to the suit. This action was then removed to federal court, but this Court remanded it back to state court. At that point, the Court stayed the other two lawsuits, deeming them parallel suits under *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). These suits are Civil Action No. 97-8127 ("Spring City II"), originally brought by Plaintiff in state court against ABC and removed to federal court, and Civil Action No. 98-105 ("Spring City III"), brought against ABC in federal court.

On October 4, 1999, the United States Court of Appeals for the Third Circuit upheld this Court's decision to remand Spring City I to state court, and also lifted the stay of Spring City II and Spring City III.

ABC filed a Motion for Summary Judgment in Spring City II and III on Oct. 25, 1999. At the Preliminary Pretrial Conference held on Nov. 2, 1999, Spring City raised the instant Motion to Voluntarily Dismiss. The Federal Rule of Civil Procedure 16 Pretrial Scheduling Order set a discovery deadline of February 2, 2000 and a trial date of February 14, 2000.

II. *LEGAL STANDARD*

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in part:
[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 2
Not Reported in F.Supp.2d, 1999 WL 1212201 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Fed.R.Civ.P. 41(a)(2). A district court in this circuit should generally grant a Rule 41(a)(2) dismissal in the absence of plain legal prejudice to defendant. *Barron v. Caterpillar, Inc.,* No. CIV. A. 95-5149, 1996 WL 460086, at *1 (E.D.Pa. Aug.7, 1996) (citations omitted). In assessing whether "legal prejudice exists, the court must weigh the relevant equities and do justice between the parties in each case." *Id.* at *2 (citation omitted). "Courts generally consider any excessive and duplicative expense of a second litigation; the effort and expense incurred by a defendant in preparing for trial; the extent to which the pending litigation has progressed; and the claimant's diligence in moving to dismiss." *Id.* (citation omitted).If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request. On the other hand, if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The court may grant dismissal without prejudice or may require that the dismissal be with prejudice.

**\*2** Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (1995).

### III. *DISCUSSION*

Plaintiff argues that its Motion to Voluntarily Dismiss does not prejudice Defendant because the federal action is in its "infancy." (Mot. at 2). Buttressing this contention is Plaintiff's assertion that the parties "have not conducted any discovery in the matter," and no trial date has been set. (Mot. at 3). Plaintiff further insists that the state court action is much closer to completion than the federal case, given Plaintiff's filing of a certificate of readiness in state court on November 15, 1999.

Defendant correctly counters that a trial date in federal court of February 14, 2000 has been set. Defendant further claims that it has already conducted extensive discovery in this matter, and that its pending Motion for Summary Judgment shifts the burden to the Plaintiff to make a "strong showing" in support of dismissal.

While the Court agrees that the instant suit is no longer in its "infancy," neither has it advanced to the geriatric stage. The Rule 16 conference was only recently held, and the discovery deadline and trial date set at this conference are still two months in the future. Discovery taken thus far has been taken in state court.

The pending Motion for Summary Judgment is Defendant's strongest argument that this case is too far along to dismiss. Defendant points out that "[once] a motion for summary judgment has been served, the plaintiff no longer has the right to dismiss and, unless all of the parties stipulate to dismissal, a plaintiff who wishes to dismiss must obtain an order of the district court." Wright & Miller, *supra,* § 2364. However, this quotation merely reiterates the standard for a Rule 41(a)(2) voluntary dismissal: it is not a right of the Plaintiff, but must be granted by the Court. A summary judgment motion is simply one of the factors to be weighed by the Court in deciding how far along a lawsuit is, and therefore whether the non-moving party would prejudiced by granting a motion to voluntarily dismiss.

This Court's opinion in *Barron* illustrates

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 1999 WL 1212201 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

this principle. In *Barron,* a final pretrial conference had taken place, and the Court had granted Defendant's Motion in Limine for Bifurcation. Pretrial memoranda had been filed. *Barron,* 1996 WL 460086 at *3. That lawsuit clearly was on the eve of trial. The instant suit is not. Absent substantial prejudice to the defendant, the mere filing of a summary judgment motion is insufficient reason to refuse to dismiss voluntarily. Wright & Miller, *supra,* § 2364. In sum, even with the pending Motion for Summary Judgment, the Court concludes that this case has not proceeded to the point that dismissal would substantially prejudice the Defendant.

Defendant argues that the third factor weighed by courts in considering a motion for voluntary dismissal, namely the claimant's diligence in moving to dismiss, weighs against the Plaintiff. While Defendant correctly points out that Plaintiff originally moved to stay this suit rather than to voluntarily dismiss, given the complexities of this litigation the Court does not find Plaintiff's course deliberately dilatory. Once the stay of this action was lifted, Plaintiff did move promptly to voluntarily dismiss. The Court, therefore, concludes that this factor does not weigh strongly in favor of either party.

**\*3** Plaintiff is agreeable to a dismissal with prejudice as long as such a dismissal does not prejudice the right of contribution of Defendants Contractors of America and Lynn Bradeen against ABC in the state court action. (Mot. at 5 n. 2). The Court agrees that a dismissal with prejudice thus best balances the "relevant equities" among all parties to this litigation, and does not harm Defendant. Moreover, because dismissal is with prejudice, the Court denies Defendant's request for costs and attorney's fees. *Selas Corp. of America v. Wilshire Oil Co. of Texas,* 57 F.R.D. 3, \*7 (E.D.Pa.1972); *see also* Wright & Miller, *supra,* § 2366 (noting if the dismissal is with prejudice, courts lack the power to require payment of attorney's fees unless the case is of kind in which attorney's fees might otherwise be ordered after termination on the merits).

An appropriate Order follows.

ORDER

AND NOW, this day of December, 1999, upon consideration of Plaintiff's Motion for Voluntary Dismissal (Doc. No. 33), Defendant's Response thereto (Doc. No. 34), Plaintiff's Reply to Defendant's Response (Doc. No. 35), and Defendant's Sur Reply (Doc. No. 36), IT IS HEREBY ORDERED that said Motion (Doc. No. 33) is GRANTED, and further that this matter is DISMISSED with prejudice.

E.D.Pa.,1999.
Spring City Corp. v. American Bldgs. ?Co.
Not Reported in F.Supp.2d, 1999 WL 1212201 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:98cv00105 (Docket) (Jan. 09, 1998)
• 2:97cv08127 (Docket) (Dec. 31, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.