IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| W.C. HERAEUS GMBH (a German corporation), and HERAEUS INCORPORATED (a Delaware corporation)<br><br>    Plaintiffs,<br><br>    v.<br><br>MARJORIE JOY LYNN as Personal Representative for the ESTATE OF DAVID MARK LYNN and as Trustee of the MARK AND MARJORIE LYNN REVOCABLE TRUST, LYNN PLASMA, INC. (an Idaho corporation), NXEDGE, INC. (a Delaware corporation), and NXEDGE INC. OF BOISE (a Delaware corporation)<br><br>    Defendants. | C.A. No. 04-904 (KAJ) |

**NOTICE OF DEPOSITION OF AND SERVICE
OF SUBPOENA ON LAWRENCE D. GRAHAM**

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 30, and 45, plaintiffs W.C. Heraeus GMBH and Heraeus Incorporated will take the deposition upon oral examination of Lawrence D. Graham, Esq. A copy of the deposition subpoena is attached hereto as Exhibit A.

The deposition will take place on January 17, 2006 at 9:00 a.m. and will be held at the offices of Black Lowe & Graham, 701 Fifth Avenue, Suite 4800, Seattle, Washington 98104, and will continue day to day until completed (excluding Saturdays, Sunday, and holidays).

The deposition will be conducted pursuant to Federal Rules of Civil Procedure and will be conducted before a notary public or other officer authorized to administer oaths. The deposition will be recorded by Stenographic means and may be audiotaped, videotaped and/or

transcribed using real time interactive transcription (e.g., LiveNote). You are invited to attend and cross-examine.

                          MORRIS, NICHOLS, ARSHT & TUNNELL

                          /s/ Karen Jacobs Louden
                          Karen Jacobs Louden (#2881)
                          klouden@mnat.com
                          Leslie A. Polizoti (#4299)
                          1201 N. Market Street
                          P.O. Box 1347
                          Wilmington, DE  19899-1347
                          (302) 658-9200
                          Attorneys for plaintiffs W.C. Heraeus GmbH and
OF COUNSEL:                   Heraeus Incorporated

Fay Morisseau
Mark Itri
Dennis Duchene
McDERMOTT WILL & EMERY LLP
18191 Von Karman Ave., Suite 400
Irvine, California 92612
(949) 851-0633
(949) 851-9348

December 29, 2005


499648

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2005, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Kevin M. Baird.

I further certify that on December 29, 2005, I caused copies to be served upon the following in the manner indicated:

### BY HAND

Kevin M. Baird
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

B. Newal Squyres
Holland & Hart LLP
U.S. Bank Plaza
101 S. Capitol Blvd., Suite 1400
Boise, ID 83702

Lawrence D. Graham
Black Lowe & Graham, PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104

/s/ Karen Jacobs Louden
klouden@mnat.com

A

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON

W.C. HERAEUS GMBH (a German corp.), and HERAEUS
INCORPORATED (a Delaware corp.)

## SUBPOENA IN A CIVIL CASE

v.

MARJORIE JOY LYNN as Personal Rep. for the ESTATE OF DAVID MARK LYNN and as Trustee of the MARK AND MARJORIE LYNN REVOCABLE TRUST, LYNN PLASMA, INC. (an Idaho corp.), NXEDGE, INC. (a Delaware corp.), and NXEDGE INC. OF BOISE (a Delaware corp.)

Case Number:[1] C.A. No. 04-904 (KAJ)

Pending in the District of Delaware

TO: Lawrence D. Graham, Esq.
Black Lowe & Graham
701 Fifth Ave., Suite 4800, Seattle, WA  98104

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Black Lowe & Graham, 701 Fifth Ave., Suite 4800 Seattle, Washington  98104 | January 17, 2006 at 9:00 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Leslie A. Polizoti, Attorney for Plaintiffs | 12/29/05 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Morris, Nichols, Arsht & Tunnell, 1201 N. Market St., Wilmington, DE 19899-1347
(302) 658-9200

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.