# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

**Karen Jacobs Louden**
(302) 351-9227
(302) 425-4681
klouden@mnat.com

January 18, 2006

By E-Filing

The Hon. Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:    W.C. Heraeus GmbH & Heraeus, Inc. v. Marjorie Joy Lynn, et al.
              C.A. No. 04-904 (KAJ)

Dear Judge Jordan:

      We are writing concerning the technical tutorial hearing that was held on December 21, 2005. The Court will recall that during the hearing, Heraeus objected to certain of the materials that defendants presented on the ground that those materials disclosed matters that constituted Heraeus' trade secrets, and thus should not appear in the public record. Pursuant to the Court's instructions, we have conferred with defendants' counsel to address these issues. The tutorial materials break down into three categories: (1) the videotape of the tutorial; (2) the transcript; and (3) the defendants' written technical tutorial submission.

      We understand that the Court does not need a copy of the videotape in light of the impending settlement of this case (see D.I. 159). We would propose that the parties likewise retrieve the written materials they provided to the Court in light of the settlement. In the event the Court wishes to keep them in its files, however, we offer the following proposal.

      With respect to the transcript, Heraeus has designated certain portions as confidential. Defendants' respective counsel have advised us that they do not object to these designations, so long as it does not constitute an admission on their part that these portions are in fact confidential. We understand that Mr. Gaffigan thus will be preparing confidential and nonconfidential portions of the transcript.

Hon. Kent A. Jordan
January 18, 2006
Page 2

      With respect to defendants' written submission, that submission consists of essentially two parts: a five-page written description and characterization of the attached exhibits, and the attached exhibits themselves. Heraeus submits that practically the entire written description portion and many of the exhibits contain matters that constitute Heraeus' trade secrets. Thus, Heraeus requests that the entire submission be placed under seal and be designated as confidential-attorneys' eyes only under the protective order. Again, defendants have advised that they have no objection, so long as the designation does not constitute an admission on their part that the materials are confidential.

      Respectfully,

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com

/cbh
cc:   Court Clerk (by hand)
       Kevin M. Baird, Esq. (by hand)
       Lawrence Graham, Esq. (by telecopy)
       B. Newal Squyres, Esq. (by telecopy)
       Fay E. Morisseau, Esq. (by telecopy)

502392